**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT HOLMES, III,

               Plaintiff - Appellant,

v.

FRANK DREESEN; et al.,

               Defendants - Appellees.

No. 15-15468

D.C. No. 2:13-cv-01166-GMN-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

    Robert Holmes, III, a former Nevada state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging access-

to-courts and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Holmes's access-to-courts claims because Holmes failed to raise a genuine dispute of material fact as to whether he suffered prejudice to a direct appeal of a criminal conviction, a habeas petition, or a challenge to his conditions of confinement as a result of defendants' alleged conduct. *See Lewis v. Casey*, 518 U.S. 343, 348-355 (1996) (setting forth actual injury requirement).

The district court properly granted summary judgment on Holmes's retaliation claim because Holmes failed to raise a genuine dispute of material fact as to whether defendant Smith took an adverse action against Holmes because of his protected conduct. *See Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (setting forth elements of a retaliation claim in the prison context)*; see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient.").

**AFFIRMED.**